UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
EQUAL EMPLOYMENT OPPORTUNITY : 
COMMISSION, :       Civ. _____ ( )
          Plaintiff, :
           :       <u>COMPLAINT</u>
      v. :
           :       <u>JURY TRIAL DEMANDED</u>
VENTIV PHARMA SERVICES, :
a Division of Ventiv Health, Inc, now :
known as inVentiv Pharma Services, a :
Division of inVentiv Health, Inc., :
           :
          Defendant. :
           :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964, as amended by the Pregnancy Discrimination Act, and Title I of the Civil Rights Act of 1991 to correct unlawful discrimination on the basis of sex (pregnancy), and to provide appropriate relief to Charging Party Lisa Lewis ("Lewis") and a group of similarly situated female employees who were adversely affected by such practices. The Equal Employment Opportunity Commission contends that since at least 2003, Defendant Ventiv Pharma Services, a division of Ventiv Health, Inc., now known as inVentiv Pharma Services, a division of inVentiv Health, Inc., ("Defendant"), engaged in sex discrimination by treating pregnant employees less favorably than non-pregnant employees and impermissibly denied leave time to and then terminated Lewis and other similarly situated pregnant women in its nationwide sales force who requested leave of more than six weeks, while granting such leave to non-pregnant employees who took leave for medical reasons, as described with greater particularity below.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343, and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and 706(f)(3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e et seq. ("Title VII") and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981A.

2. The unlawful employment practices alleged below were and are now being committed within the jurisdiction of the United States District Court for the District of New Jersey.

## PARTIES

3. Plaintiff, Equal Employment Opportunity Commission ("the Commission" or "the EEOC"), is an agency of the United States of America charged with the administration, interpretation, and enforcement of Title VII, and is expressly authorized to bring this action by Section 706(f)(1), 42 U.S.C. §2000e-5(f)(1).

4. At all relevant times, Defendant, a Delaware corporation, has continuously been doing business in the State of New Jersey, with its corporate headquarters located in Somerset, New Jersey, and has continuously had at least fifteen employees.

5. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce within the meaning of Section 701(b), (g), and (h) of Title VII, 42 U.S.C. §2000e-(b),(g), and (h).

6. At relevant times, Defendant was an employer of Lewis.

## STATEMENT OF CLAIMS

7. More than thirty days prior to the institution of this lawsuit, Lewis filed a charge of discrimination with the Commission alleging violations of Title VII by Defendant. All conditions precedent to the institution of this lawsuit have been fulfilled.

8. Since at least February 2003 until the present, and continuing, Defendant has engaged in unlawful employment actions at its corporate headquarters in Somerset, New Jersey and with its nationwide sales force, in violation of Section 703 of Title VII, 42 U.S.C. §2000e-2. These practices include, but are not limited to:

   a. discriminating against Lewis and similarly situated pregnant employees in its nationwide sales force who are not covered by the Family Medical Leave Act by denying Lewis and other pregnant employees leaves of absences in excess of six weeks, while granting similar and longer leaves to a larger group of non-pregnant employees who needed leaves for other medical reasons and who also are not covered by the Family Medical Leave Act.

   b. terminating Lewis and other similarly situated pregnant employees in its nationwide sales force who are not covered by the Family Medical Leave Act who took leaves of more than six weeks while not terminating non-pregnant employees who took such leaves and who also are not covered by the Family Medical Leave Act.

9. The effect of the practices complained of above has been to deprive Lewis and a class of similarly situated former and current employees of equal employment opportunities, and otherwise adversely affect their status as employees on the basis of sex (pregnancy).

10. The unlawful employment practices complained of above were intentional.

11. The unlawful employment practices complained of above were done with malice and/or reckless indifference to the federally protected rights of the aggrieved employees and other similarly situated employees.

12. Lewis and the aggrieved employees have suffered and will continue to suffer physical and emotional pain, including, but not limited to, mental anguish, humiliation, embarrassment, inconvenience and loss of enjoyment of life as a result of Defendant's discriminatory conduct described above.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its officers, successors, assigns and all persons in active concert or participation with it, from engaging in any employment practice which discriminates on the basis of pregnancy.

B. Order Defendant to institute and carry out policies, practices and programs which provide equal employment opportunities for pregnant women, including, but not limited to, providing leave benefits in a non-discriminatory manner to pregnant employees.

C. Order Defendant to make whole Lewis and all those individuals adversely affected by the unlawful employment practices described above, by providing appropriate backpay and other benefits with prejudgment interest, in amounts to be proved at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to reinstatement of Lewis and the aggrieved individuals.

D. Order Defendant to make whole Lewis and all those individuals adversely affected by the unlawful employment practices described above by providing compensation for past and future pecuniary losses, including, but not limited to, medical expenses in amounts to be determined at trial.

E. Order Defendant to make whole Lewis and all those individuals adversely affected by the unlawful employment practices described above by providing compensation for past and future non-pecuniary losses, including, but not limited to, pain and suffering, mental anguish, inconvenience and loss of enjoyment in life, in amounts to be determined at trial.

F. Order Defendant to make whole Lewis and all those individuals adversely affected by the unlawful employment practices described above, by providing punitive damages against Defendant for its malicious and reckless conduct, in amounts to be determined at trial.

G. Grant such further relief as the Court deems necessary and proper.

H. Award the Commission its costs in this action.

## JURY TRIAL DEMAND

The Commission requests a trial by jury on all questions of fact raised by its Complaint.

Dated: New York, New York
September 27, 2006

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

Ronald S. Cooper
General Counsel

James L. Lee
Deputy General Counsel

Gwendolyn Y. Reams
Associate General Counsel

EQUAL EMPLOYMENT OPPORTUNITY
    COMMISSION
1801 L Street, N.W.
Washington, D.C. 20507

      s/Elizabth Grossman
Elizabeth Grossman
Regional Attorney

      s/Judy Keenan
Judy Keenan
Acting Supervisory Trial Attorney

      s/Michael Ranis
Michael B. Ranis (#3757)
Trial Attorney

New York District Office
33 Whitehall Street, 5th Floor
New York, N.Y. 10004
(212) 336-3701
michael.ranis@eeoc.gov

6